**Alph C. KAUFMAN, Petitioner,**

v.

**Alex P. HUMPHREY, Circuit Judge, etc., et al., Respondents.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

Ewing L. Hardy, Hardy & Hardy, Louisville, for petitioner.

James U. Smith, Jr., Louis E. Woolery, Smith & Smith, Louisville, for respondents.

MONTGOMERY, Chief Justice.

Alph C. Kaufman has filed a petition seeking relief in the nature of mandamus. CR 81. He asks that Alex P. Humphrey, Judge, Common Pleas Branch, First Division, Jefferson Circuit Court, be required and directed "to enter an order of distribution in the condemnation case pending before him, permitting petitioner to withdraw the sum of $47,500.00 from the Receiver of the Jefferson Circuit Court." Norvin F. Green Company, Inc., also is named as a respondent.

The Commonwealth of Kentucky for the Department of Highways filed a condemnation proceeding against the petitioner, as owner, and the Green Company, as tenant, to secure a right of way over certain business property on South First Street in Louisville. By agreement, the sum of $72,-500, representing the fair market value of the fee simple title to the property, was paid into court and the condemnor was given possession. The agreement provided

that " * * * all taxable court costs incurred in County Court and Circuit Court" were to be paid by the condemnor.

The owner and tenant could not agree on a division of the fund. Appraisers were appointed by the Jefferson County Court. Based on their report, judgment was entered in the county court, adjudging $60,000 to the petitioner and $12,500 to the lessee. Statements of appeal were filed on May 1 and 5, 1959. Each party complained of the inadequacy of the respective award.

On June 19, 1959, oral argument was had before Judge Humphrey on the motion of petitioner to withdraw $47,500 from the fund held subject to the order of the court. The lessee opposed the motion on the ground that its leasehold estate was worth "at least" $25,000, as alleged in its statement of appeal, and that the proof on the trial might show a value in excess of $25,000, in which event an amended statement would be filed to conform to the proof. Petitioner was advised that the $47,500 could be withdrawn upon the execution of a good corporate surety bond. On June 22, 1959, petitioner requested Judge Humphrey to rule on the motion to withdraw. The petitioner refused to execute bond to protect the lessee's rights. The motion was overruled on June 26, 1959. At the hearing on June 19, 1959, Judge Humphrey's offer to set the case for trial on November 4, 1959, was rejected by petitioner. It was then set to be tried on January 25, 1960, the next available date suitable to petitioner.

By a petition filed in this Court on October 26, 1959, petitioner urges that the action of the Judge in overruling the motion to withdraw the $47,500 is "arbitrary and unreasonable and completely without any legal justification." Other contentions are made which are not pertinent.

In Hargis v. Swope, 272 Ky. 257, 114 S.W.2d 75, 77, it was held:

"While mandamus will lie to set a court in motion, it cannot be used to control the result. * * * Mandamus will issue to compel the exercise of a discretionary duty, but not that it shall be exercised in any particular way. * * * Mandamus is a proper remedy to compel an inferior court to adjudicate on a subject within its jurisdiction where it neglects or refuses to do so, but will not lie to revise or correct a decision. * * * In short, mandamus will not lie to control the discretion of an inferior court." (Citations omitted.)

See also Fannin v. Keck, Ky., 296 S.W. 2d 226; and Childers v. Stephenson, Ky., 320 S.W.2d 797, and cases collected therein.

 In making his ruling, Judge Humphrey exercised a judicial discretion which could not have been controlled by mandamus issued prior thereto. His decision cannot now be revised or reviewed by mandamus.

The petition is dismissed and relief in the nature of mandamus is denied.