**Headmon MAY, Petitioner,**

**v.**

**Hon. Hollie CONLEY, Judge, Floyd Circuit Court, Prestonburg, Kentucky, Respondent.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

Motion to Reconsider Petition for Writ of Mandamus Denied Dec. 16, 1966.

Headmon May, pro se.

Hollie Conley, pro se.

MOREMEN, Judge.

Petitioner, Headmon May, a prisoner now confined at Eddyville, has filed a petition in this court by which he seeks to obtain a writ of mandamus to compel the Honorable Hollie Conley, Judge of the Floyd Circuit Court, to vacate, under RCr 11.42, the judgment and sentence under which he is now confined.

Petitioner avers that his motion in the circuit court was based on the grounds of newly discovered evidence to the effect that he was, at the time of the original trial, a person of unsound mind. He prays this court "to enter an order forthwith granting petitioner the redress sought therein, his motion to vacate judgment—sentence by reason of judgment by default * * *."

On a number of occasions we have issued writs in the nature of mandamus where a circuit court has failed or refused to act upon a motion filed under RCr 11.42. The petitioner makes the allegation that the "circuit court has ignored, or refused to pass upon any kind of judgment" on the motion. We are unable to conclude that he is seeking that type of relief here. (The response filed does not state definitely that the court has entered judgment.) The best interpretation we can make is that petitioner is asking this court to control the discretion of the circuit court and to grant the relief sought in that court.

Although mandamus will lie to set a court in motion, it cannot be used to control discretion. Hargis v. Swope, 272 Ky. 257, 114 S.W.2d 75; and Kaufman v. Humphrey, Ky., 329 S.W.2d 575. The function of mandamus is not to compel a court to decide a matter in a particular way. Hardison v. Pace, Ky., 121 S.W. 671.

The petition for a writ of mandamus is denied.