**Lillian I. SHELTON, etc., et al., Petitioners,**

**v.**

**Faust Y. SIMPSON, Judge Webster Circuit Court, Respondent.**

Court of Appeals of Kentucky.

May 23, 1969.

Jerry W. Nall, Nall & Stephens, Owensboro, for petitioners.

Faust Y. Simpson, Morganfield, pro se.

REED, Judge.

This is an original proceeding in this court wherein an order of mandamus is sought directing Hon. Faust Y. Simpson, Judge of the Webster Circuit Court, to enter an order and judgment which has been tendered to him, which petitioners claim is in accordance with our opinion and the mandate issued as a result thereof, in the case of Webster County Soil Conservation District v. Shelton et al., Ky., 437 S.W.2d 934.

This is another chapter in the much-litigated matter of the dissolution of the Crab Orchard Creek Watershed Conservancy District. See Shelton v. Webster County Soil Conservation Dist., Ky., 377 S.W.2d 81. The cited cases detailed the relevant facts and they are not being repeated here except when necessary in the disposition of this latest controversy.

Petitioner, Jerry W. Nall, is an attorney at law and successfully represented the members of the Crab Orchard district in a class action. His services effected a recovery for all members of the district as explained in Webster County Soil Conservation Dist. v. Shelton, Ky., 437 S.W.2d 934, and the proceeds of the recovery are now held in a fund subject to the disposition of the trial court.

The matter of Mr. Nall's attorney's fee has been hotly contested. Mr. Nall had a contingent fee contract with about 400 members of the Crab Orchard Creek Watershed Conservancy District in which they agreed to pay him as an attorney's fee for his services an amount equal to 50 percent of recovery. The trial court ignored this contract and attempted to allow Nall a fee equal to 25 percent of the amount of recovery, both as to those persons who signed the contingent fee contract with him and those who did not. We reversed the trial court's adjudication and directed that the contingent fee contract be enforced according to its terms against those clients who signed it; but as to those parties who did not enter into the contract, we held they were liable for their proportionate part of a reasonable fee by reason of the benefit which they secured from Mr. Nall's successful representation. In our opinion on the second appeal we directed as follows:

"We hold that those parties who did not enter into contract as to fee are, nevertheless, liable for a reasonable fee.

The question, What is a reasonable fee? being one that must first be determined by the trial court, the case is remanded with directions to fix a reasonable fee and direct that such noncontracting parties bear their proportionate part thereof."

Webster County Soil Conservation District v. Shelton et al., Ky., 437 S.W.2d 934 at page 940.

After the mandate was filed, petitioner Nall presented to respondent Judge Simpson an order and judgment purporting to be in conformity with the opinion and mandate in the case just cited. This order and judgment adjudicated that the sum determined by the contingent fee contract—a sum equal to 50 percent of the amount of recovery—was a reasonable fee and that the noncontracting members of the class benefitted should bear their proportionate part of the fee so determined, which was to be paid from the fund held by the court with the remainder after payment of certain other costs and expenses to be then distributed to all members of the benefitted class. Judge Simpson refused to sign the proposed order and judgment.

Both the petitioner Nall and the respondent, Judge Simpson, have filed evidentiary matter in the form of affidavits in support of their opposing contentions in this proceeding. The dispute appears to be rather acute; but, notwithstanding the sound and fury, we consider the determinative issues to be few and simple.

Mr. Nall argues that the tendered final order was an agreed order and judgment executed by the attorney representing the persons who did not sign the contingent fee contract with him. This attorney says he did not realize he was agreeing to the terms of the order. Judge Simpson says this attorney does not in fact represent all of the noncontracting parties affected by the determination.

We will assume for the sake of argument that the tendered order and judgment was as Mr. Nall understood it to be. The issue then is: Did Judge Simpson have merely a ministerial duty to perform or did he have a discretionary duty to perform?

Petitioners rely upon the case of Bernheim v. Wallace, 186 Ky. 459, 217 S.W. 916, 8 A.L.R. 938. We do not consider it authoritative now except to the extent which it recognizes the duty of a trial court to protect members of a class represented in litigation by named members only. In that case, the court applied a procedural rule then controlling that a party suing or defending for a class could, without leave of court, dismiss the class action without prejudice. Implicit in this rule was the proposition that if the rights of the class had been adjudicated the same party could agree and compromise the claim of the class if the class was as fully protected by the agreement as it would be if the matter remained under control of the trial court. CR 23.02, contrary to the procedural rule governing in Bernheim, requires that a class action be dismissed voluntarily or compromised only with the approval of the trial court. In addition, the liability of the noncontracting parties here is fixed by KRS 412.070. That statute vests the responsibility to determine reasonable compensation for the successful attorney in the trial court. This construction of the statute was approved in Smith v. Graham, 274 Ky. 144, 118 S.W.2d 194.

It is our conclusion that the amount of a reasonable attorney's fee for which the noncontracting members of the class are liable must be determined by the exercise of discretion by the trial court. It would not be in the interest of the orderly administration of justice for us to attempt to usurp that prerogative.

Mandamus is a proper remedy to compel an inferior court to adjudicate on a subject within its jurisdiction, where it neglects or refuses to do so, but will not lie to revise or correct the decision or control discretion. Kaufman v. Humphrey, Ky., 329 S.W.2d 575. The function of mandamus is not to compel a court to decide a matter in a particular way. May v. Conley,

Ky., 408 S.W.2d 431. It appears that the fund will not be distributed until Mr. Nall's total fee is finally determined. That he is to be deprived of money or interest while litigating the matter of his fee does not entitle him to the extraordinary relief of mandamus. Black Motor Company v. Hill, Ky., 372 S.W.2d 801.

No discretion is beyond abuse, and if the trial judge does not act promptly to exercise his discretion and make a determination, the remedy of mandamus will lie to compel action by him. If his discretion is abused, the erroneous determination resulting therefrom is correctable by appeal.

The petition for an order of mandamus is denied.

All concur.