**Hubert REID et al., Appellants,**

v.

**Roy ALLINDER et al., Appellees.**

**Roy ALLINDER et al., Cross-Appellants,**

v.

**Hubert REID, County Judge, et al., Cross-Appellees.**

Court of Appeals of Kentucky.

Jan. 18, 1974.

Albert W. Spenard, Madisonville, for appellants and cross-appellees.

Earle M. Nichols, Nichols, Nichols, Adams & Butler, Madisonville, for appellees and cross-appellants.

STEPHENSON, Justice.

This is an appeal from a judgment of the Hopkins Circuit Court declaring Chapter 21 of the 1968 Acts of the General Assembly of the Commonwealth of Kentucky entitled "An Act relating to mosquito control districts" (now KRS 249.540, 249.551, and 249.631) in violation of the Constitution of the Commonwealth of Kentucky, specifically Sections 2 and 181. The judgment also overruled motion for attorney fee filed by the attorney for the protesting taxpayers.

KRS 249.540 provides that before a mosquito control district shall be established, a petition shall be circulated in the county in which the district is proposed to be estab-

lished and signed by a number of duly qualified voters of the county in which it is circulated equal to twenty-five per cent of the number who voted at the last general election in that county.

KRS 249.551 provides that upon the receipt of a petition, as set out above containing twenty-five per cent of the number of voters who voted in the last general election in the county, the fiscal court *shall* adopt a resolution ordering the levy of not more than ten cents on each one hundred dollars worth of property assessed for local taxation.

KRS 249.631 provides for dissolution of the district.

After a petition in accordance with the above statutes was presented to the fiscal court of Hopkins County and the tax levied, a group of taxpayers filed suit asserting the unconstitutionality of the statutes which authorized the imposition of the tax.

▪ We conclude that an act of the General Assembly which provides that a relatively small number of voters may by petition establish a taxing district imposing a tax without the exercise of any discretion on the part of duly constituted local authorities is so repugnant to established constitutional principles as to render the act void.

▪ The attorney for the protesting taxpayers argues that KRS 412.070, which provides as follows, is authority for attorney fee:

"In actions * * * for the recovery of money or property which has been illegally or improperly collected, withheld or converted, if one or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him, and has been to trouble and expense in that connection, the court shall allow him his necessary expenses, and his attorney reasonable compensation for his services, in addition to the costs. This allowance shall be paid out of the funds recovered before distribution."

We conclude that the trial court correctly denied the attorney fee. First, the fund of taxes collected and being held by the taxing district is not at this point being withheld. Second, the suit filed to declare the acts unconstitutional was not for the benefit of all the taxpayers since the suit was prosecuted only for the benefit of others interested with them. It is obvious that some of the county taxpayers' interests lay in the expenditure of the tax money for mosquito control.

Only if the taxing district now withholds the funds collected or attempts to divert the funds to other purposes would the provisions of KRS 412.070 come into play should a lawsuit become necessary to recover the tax money for the benefit of all the taxpayers.

The judgment is affirmed on appeal and on cross-appeal.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur on appeal.

JONES, MILLIKEN, REED, STEINFELD and STEPHENSON, JJ., concur on cross-appeal.

OSBORNE, C. J., and PALMORE, J., dissent.

OSBORNE, Chief Justice (dissenting).

I dissent from that part of the opinion which denies the attorneys their fee for the prosecution of the action. It is my opinion that this is precisely the type of situation that KRS 412.070 was designed to cover. We have previously so held, see Webster County Soil Conservation District v. Shelton, Ky., 437 S.W.2d 934, Shelton v. Simpson, Ky., 441 S.W.2d 421.

PALMORE, J., joins in this dissent.