COMMONWEALTH of Kentucky, ex rel Grady STUMBO, Secretary, Department for Human Resources, Movant,

v.

Hon. Billy L. WILSON, District Judge, Estill County, Kentucky, Respondent.

Supreme Court of Kentucky.

Oct. 30, 1981.

Larry Kelley, Lee County Atty., Beattyville, Hanson Williams, Staff Atty., Office of the Counsel, Dept. for Human Resources, Frankfort, for movant.

Billy L. Wilson, Irvine, for respondent.

## OPINION AND ORDER

Respondent, Billy L. Wilson, is the duly elected, qualified and acting Judge of the District Court for the 23rd Judicial District, which is composed of Estill, Lee and Owsley Counties, Kentucky. The movant, Department for Human Resources, an agency of the Commonwealth of Kentucky, hereafter referred to as "Department," substantially contributes to the support of children born out of wedlock. Pursuant to the provisions of the Uniform Act on Paternity (KRS Ch. 406), more specifically KRS 406.021, the Department has made written complaints to the District Court of Estill County requesting a determination of the paternity of such children. The respondent has refused to hear or to determine the propriety of said complaints, giving as his reason therefor that the prosecutor of said claims is not the County Attorney of Estill County, Kentucky, the county wherein said complaints are pending, but that the prosecutor, Larry Kelley, is the County Attorney of Lee County, Kentucky. Lee County is adjoining Estill County and is in the same judicial district as Estill County.

Being faced with such conduct on the part of respondent, the Department filed an action in the Estill Circuit Court seeking to have the judge thereof order, command, and enjoin the respondent to hear and determine the propriety of said complaints. The Estill Circuit Court denied movant the

relief it sought. In an order dismissing the action, the judge of the Estill Circuit Court held that it could mandamus the district court on a case by case basis but that it "has no authority to mandamus all cases pending or to be pending in the future."

A notice of appeal to the Court of Appeals of Kentucky was duly filed, and on October 2, 1981, the Department filed a motion to transfer the action from the Court of Appeals to this court. The question to be decided on the merits is whether the circuit court has jurisdiction to order the Judge of the Estill District Court to hear and determine all complaints filed pursuant to the authority of the Uniform Act on Paternity where the action is not being prosecuted by the County Attorney of Estill County.

Section 112(5) of the Kentucky Constitution provides that "the circuit court shall have original jurisdiction of all justiciable causes not vested in some other court." CR 65.01 provides: "A party may obtain injunctive relief in the circuit court by (a) restraining order, (b) temporary injunction, or (c) permanent injunction in a final judgment. . . . An injunction may restrict or mandatorily direct the doing of an act . . . ."

The reasoning of the circuit court in denying relief to movant because there is more than one paternity action pending in the district court where the County Attorney of Estill County is not the prosecutor would bring about a multiplicity of unnecessary litigation. As a matter of fact, even though there is more than one paternity action pending in which the district judge has refused to so act, there is in truth and fact only one issue, and that is whether an attorney other than the County Attorney of Estill County may act as the prosecutor.

In *Holmes v. Hume*, Ky., 424 S.W.2d 824 (1968), this court reaffirmed the universally accepted policy that "Mandamus is the proper remedy to compel a court of inferior jurisdiction to take such action as the law makes mandatory." Likewise, this court, in *Kaufman v. Humphrey*, Ky., 329 S.W.2d 575 (1959), stated that although mandamus will lie to set a court in motion, it cannot be used to control the result. Also, in *Shelton v. Simpson*, Ky., 441 S.W.2d 421 (1969), this court held that mandamus is the proper remedy to compel an inferior court to adjudicate on subjects within its jurisdiction where it neglects or refuses to do so. This has long been the law in Kentucky. Nevertheless, where there are no factual issues presented, only an issue of law, it will be appropriate for this court to decide the issue of law so as to make a final disposition of the issue and avoid needless delay. This, we will proceed to do.

The issue thus confronting this court is whether paternity actions can only be presented to, and determined by, the Estill District Court where the County Attorney of Estill County is the prosecutor.

KRS 406.051 provides that "The district court has jurisdiction of an action brought under this chapter and all remedies for the enforcement of judgments for the expenses of pregnancy and confinement for a wife or for education, necessary support or funeral expenses for illegitimate children." Respondent pitches his refusal to act on the paternity complaints on his interpretation of KRS 406.021(1). Therein it is provided:

"Determination of paternity—Function of district court—Enforcement.—

(1) Paternity may be determined upon the complaint of the mother, child, person or agency substantially contributing to the support of the child. *Such action shall be brought by the county attorney* upon the request of such complainant herein authorized. (Emphasis added)

. . . .

(3) If paternity has been determined or has been acknowledged according to the laws of this state, the liabilities of the father may be enforced in the same or other proceedings by the mother, child, person or agency substantially contributing to the cost of pregnancy, confine-

ment, education, necessary support or funeral expenses. *An action to enforce the liabilities shall be brought by the county attorney* upon the request of such complainant herein authorized." (Emphasis added)

In dealing with the purpose of the Uniform Act on Paternity, this court said, in *Sweat v. Turner*, Ky., 547 S.W.2d 435 (1977), "The purpose of the Uniform Paternity Act was designed to give the mother a remedy to compel the putative father to contribute to the support of his illegitimate child."

█ The respondent has construed the relationship of the county attorney in this type of action too narrowly. What the statute is saying is that if the county attorney is called on by the complaining party, he, the county attorney, must prosecute the action for the complainant. In the subject action, the County Attorney of Estill County has filed a written consent with the respondent for Larry Kelley, a prosecutor designate, to prosecute the subject paternity actions. Indeed, the Department has contracted with Larry Kelley, County Attorney of Lee County, Kentucky, to act as prosecutor. This, the Department is authorized to do. KRS 407.190; 407.250(3).

To encourage cooperation among law enforcement officers and to provide for the general supervision of criminal justice by the Attorney General as chief law enforcement officer of the Commonwealth and in order to maintain uniform and efficient enforcement of the criminal law and the administration of criminal justice throughout the Commonwealth, a unified and integrated prosecutor system was enacted by the 1976 Extraordinary Session of the Kentucky General Assembly. The Attorney General is the chief law officer of this Commonwealth (KRS 15.020), and as such, he may appoint special attorneys as he deems necessary to transact the business of the Commonwealth (KRS 15.100). He is authorized to intervene in criminal prosecutions (KRS 15.715); to appoint Commonwealth's Attorneys and County Attorneys as special prosecutors (KRS 15.730, 15.205); to assign a prosecutor where one has become disqualified to act (KRS 15.735); to assist in criminal proceedings on request of local prosecuting officers (KRS 15.190); and to intervene or direct criminal proceedings on request of the Governor, court, or grand jury (KRS 15.200). Likewise, the Department can hire its own prosecutors (KRS 407.190; 407.250(3)).

Paternity actions may be brought by and prosecuted by the mother, child, person or agency substantially contributing to the support of a child by an attorney of their own choosing. Actually, the county attorney gets into the case only when so requested by the complainant. In such event, being requested by the complainant, the county attorney is obligated to do so. KRS 406.021 is for the benefit of the mother of such child, not the county attorney.

The respondent erred in refusing to hear and determine the said paternity actions.

This court has considered this proceeding in depth. The motion of movant to transfer this action from the Court of Appeals of Kentucky to this court, pursuant to CR 76.18, is granted.

This action is remanded to the Estill Circuit Court with directions to (a) set aside its order dismissing movant's action No. 81–CI–093, and (b) enter a final judgment directing Billy L. Wilson, Judge of the Estill District Court, to hear and determine any and all paternity actions now pending before him, or that may hereafter come before him, in which the prosecutor may be a person other than the County Attorney of Estill County, Kentucky.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting. All concur.

Entered October 30, 1981.

/s/ John S. Palmore
Chief Justice