**COMMONWEALTH of Kentucky, Appellant,**

v.

**Jeffrey WASSON, Appellee.**

**No. 89–CA–079–DG.**

Court of Appeals of Kentucky.

Jan. 12, 1990.

Case Ordered Published by Court of Appeals Jan. 26, 1990.

Norrie Wake, Fayette County Atty., Florence S. Huffman, Asst. County Atty., Lexington, for appellant.

Ernesto Scorsone, Scorsone & Ransdell, Dean W. Bucalos, Brown, Bucalos, Santana & Bratt, Pam Goldman, Lexington, for appellee.

Before CLAYTON, MILLER and WEST, JJ.

WEST, Judge.

This matter is before this Court on discretionary review from an order of the Fayette Circuit Court dismissing the Commonwealth's appeal from a judgment of the Fayette District Court on the grounds that the County Attorney had no authority to pursue an appeal without prior approval of the Attorney General. The District Court declared KRS 510.100 (Sodomy in the Fourth Degree) to be violative of the Kentucky Constitution and dismissed the charge of Criminal Solicitation of Sodomy in the Fourth Degree against the appellee, Jeffrey Wasson. The Circuit Court declined to reach the merits of the constitutional challenge, but rather dismissed the appeal on the grounds that it was procedurally improper. This Court granted discretionary review of the question of whether the County Attorney has the right to appeal an adverse decision or ruling in a criminal action from District to Circuit Court without the prior approval of the Attorney General.

The Circuit Court reasoned that such dismissal was required by implication of KRS 15.090, 15.730, 22A.020(4)(a) and (b) and *Commonwealth, ex rel, Stumbo v. Wilson,* Ky., 622 S.W.2d 912 (1981).

KRS 15.090, dealing with appeals, states "The Attorney General may prosecute an appeal, without security, in any case from which an appeal will lie whenever in its judgment, the interest of the Commonwealth demands it." KRS 15.730, dealing with the duties of the Commonwealth's Attorneys and County Attorneys as special prosecutors requires the County Attorney to assist the Attorney General in preparation and presentation of the Commonwealth's position in criminal cases appealed to the Circuit Court, Court of Appeals and the Supreme Court. KRS 22A.020 deals with appeal procedures before the Court of Appeals. Subsection (4)(b) specifically states that "Such appeals shall be taken in the manner provided by the rules of criminal procedure and the rules of the Supreme Court, except that the record on appeal shall be transmitted by the Clerk of the Circuit Court to the Attorney General; and if the Attorney General is satisfied that review by the Court of Appeals is important to the correct and uniform administration of the law, he may deliver the record to the Clerk of the Court of Appeals within the time prescribed by the above mentioned rules." The Supreme Court in *Commonwealth v. Littrell,* Ky., 677 S.W.2d 881 (1984), characterized the Attorney General's role in reviewing appeals before they are docketed in the Court of Appeals as "a purely administrative act, designed to eliminate frivolous, vexatious or meritless appeals. It [KRS 22A.020(4)(b)] is a legislative assignment of an executive duty, not a judicial duty."

Because the Attorney General's role is a purely administrative act and because of the constitutional right of both parties to have one (1) appeal, *see* Kentucky Constitution § 115, we agree with the Supreme Court in *Commonwealth v. Wilson, supra,*

which, in our view, stands for the proposition that although the Attorney General is the chief law enforcement officer of the Commonwealth, the exercise of judicial responsibility is not dependent upon who the prosecutor is. Therefore, we believe it was error for the Circuit Court to dismiss this appeal.

Although there is authority which holds that the dismissal of an appeal is an appropriate action to be taken by the Circuit Court because the County Attorney lacks authority to prosecute a case, *Asher v. Mills*, Ky., 421 S.W.2d 78 (1967), that authority predates the judicial article which established the present court system.

Further, our review of this record indicates that there was a communication from the County Attorney's office to the Attorney General regarding the attack on the constitutionality of the statute. The communication from the Attorney General in response makes it clear that even though such notice was sent, they would be unable to offer any assistance in this case.

For these reasons, we hold that it was error for the Circuit Court to dismiss this matter on the chosen procedural basis. Therefore, this case is remanded to the Circuit Court for consideration of the merits of the District Court's dismissal of a statute as unconstitutional.

CLAYTON, J., concurs.

MILLER, J., dissents by separate opinion.

MILLER, Judge, dissenting.

I dissent. Historically, there have been drastic limitations upon the state's right of review in criminal cases. Many years ago, Justice Gray observed in *United States v. Sanges*, 144 U.S. 310, 312, 12 S.Ct. 609, 610, 36 L.Ed. 445, 446 (1892):

It is settled by an overwhelming weight of American authority that the state has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal, or upon the determination by the court of a question of law.

Section 115 of our Kentucky Constitution provides for one appeal in all cases, but "the commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law...." Appeal for certification of the applicable law has long been recognized, but only at the discretion of the Attorney General and according to prescribed code provisions. *See Commonwealth v. Littrell*, Ky., 677 S.W.2d 881 (1984).

Kentucky Revised Statutes (KRS) 22A.020(4)(c) controls appeals from the circuit court to the Court of Appeals. It provides for an appeal and reversal and new trial "in any case in which a new trial would not constitute double jeopardy or otherwise violate any constitutional rights of defendant." This statute requires prior approval of the Attorney General, the Commonwealth's chief law enforcement officer. KRS 15.020. There being no statutory authority for appeals from district courts by the Commonwealth, I conclude that any constitutional appeal, under Section 115, must be predicated upon approval by the Attorney General.

I would therefore affirm the decision of the circuit court.