**Marilyn Laura BOCK, Appellant,**

v.

**J.W. Bill GRAVES, Judge, George W. Bock, Jr., Real Party in Interest, Appellees.**

**No. 90–SC–852–MR.**

Supreme Court of Kentucky.

Feb. 14, 1991.

Tod D. Megibow, Freeland & Megibow, Paducah, for appellant.

James A. Harris, Jr., Paducah, for appellee, Bock.

John W. Graves, Paducah, pro se.

LEIBSON, Justice.

The Court of Appeals denied appellant's Petition for Writ of Prohibition and Writ of Mandamus on the grounds that she has an adequate remedy by appeal, citing *Schumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981). We agree and affirm.

Appellant, Marilyn L. Bock, and appellee, George W. Bock, Jr., were divorced in Kentucky by a final Decree entered on December 15, 1986. Twin girls were born of the marriage. Appellant was awarded custody and appellee was given liberal visitation rights, including two months visitation each summer commencing June 15 through August 15. The original Decree specified the court retained and reserved continuing jurisdiction to determine custody, support and visitation issues. Prior to December, 1986, appellant moved with her daughters first to Virginia and then to Alaska. Over the years, appellee continued to visit his daughters according to the visitation terms.

In May, 1990, appellant filed a motion in Alaska seeking to limit appellee's visitation.

On June 13, 1990, appellee filed a motion in Kentucky for appellant to be held in contempt for failing to honor the visitation schedule set forth in the Decree.

Appellee arrived in Alaska to get his daughters for summer visitation to commence June 15, 1990, only to find that

appellant had taken the girls and fled. With the help of the Alaska State Police, they were located five days later. Appellee asserts the girls had been traumatized by this event, and that upon further investigation he found the girls were having various problems due to the psychological ploys used by appellant to alienate them from their father.

In Alaska, appellant agreed to make the girls available for visitation, but only if appellee signed a stipulation agreeing to a split visitation for the summer and agreeing to return the girls on July 15 unless the Alaska court declined jurisdiction or the Alaska court allowed him to keep the children for a longer period. Appellee signed the stipulation with the handwritten notation he did not concede the jurisdiction of the Alaska court. This stipulation was later vacated by an Alaska Superior Court Judge. The Alaska Judge ordered appellee to bring the girls back to Alaska on July 19.

On June 19, 1990, a Show Cause Order was issued by Judge Graves of the McCracken Circuit Court for appellant to appear and show cause why she should not be held in contempt for failing to comply with the terms of the Decree.

On June 19, 1990, two other things happened. First, in Kentucky, Judge Graves granted appellee's Motion for Immediate Temporary Emergency Custody and set a hearing for June 30, 1990. Second, in Alaska, Judge Reese announced in court that he had spoken on the telephone with Judge Graves and he had deferred jurisdiction to Alaska. Judge Reese announced that his Orders would supersede those of Judge Graves' in this matter.

On July 2, 1990, following the temporary custody hearing before Judge Graves he entered a Temporary Emergency Custody Order in favor of Mr. Bock for a period of forty-five days. Judge Graves specifically found, by taking judicial notice, that he had considered the request to defer jurisdiction to Alaska but decided not to do so upon a review of the file and the history of the case, because there had been visitation problems in the past.

Appellee, Mr. Bock, also filed a Motion in Kentucky to Modify the Decree to award him Permanent Custody of his daughters. He alleged they were being mistreated by their mother.

On August 17, 1990, Judge Graves extended appellee's temporary emergency custody until further order. Appellant then filed a Petition for Writ of Prohibition and a Petition for Writ of Mandamus in the Court of Appeals.

In the Petition for Writ of Mandamus, appellant requested that Judge Graves be ordered to give full faith and credit to the two Orders entered by the Superior Court Judge in Alaska. In the Petition for Writ of Prohibition, she asked that Judge Graves be prohibited from proceeding further in the case.

After these Petitions were filed, appellant filed a Motion for A Stay of further proceedings in circuit court which was denied by the Court of Appeals on September 11, 1990. Thereafter, on September 25, 1990, Judge Graves modified the Kentucky Decree and awarded permanent custody to the father. Appellant has filed an appeal of this permanent change of custody which is now pending before the Court of Appeals. A copy of the prehearing statement is included in this record identifying the issues presented in the appeal, which includes the issue of an alleged lack of jurisdiction of the circuit court in McCracken County.

Appellee, the real party in interest, filed a Response to the Petitions. Judge Graves filed a Response as well in which he states that the Petition incorrectly attributes to him statements that appellee had not lived in Kentucky for some period of time and that he had agreed to defer jurisdiction to Alaska. He unequivocally states his official action in the case was to deny the request to defer jurisdiction. He ordered appellee's counsel to forward to Alaska all Orders entered by him in the case. He attached to his Response a copy of a letter sent to Judge Reese in Alaska in support of his statement.

In the Findings of Fact and Conclusions of Law and Order Modifying Permanent Custody jurisdiction is predicated upon these facts: appellee is a resident of Kentucky and resides in Kentucky; there is substantial evidence in Kentucky; appellee and his family have the closest connections with this state rather than others where he also owns property; jurisdiction has never been deferred to Alaska; both appellee and the children have significant and important relationships with persons in McCracken County; and the children are physically present in Kentucky as a result of temporary emergency orders necessary to protect them from further serious physical, mental, moral and emotional harm in Alaska.

█ We will first discuss the Petition for Writ of Prohibition to prohibit Judge Graves from proceeding further in the matter. This issue is now moot in light of the fact that the Court of Appeals denied appellant's Motion for A Stay and Judge Graves has entered a Final Order modifying the Decree and awarding custody to the appellee. This matter has been appealed and appellant has therefore failed to make the requisite showing that there are exceptional circumstances and no other adequate remedy at law.

█ To prevail on the Petition for Writ of Mandamus, it is incumbent upon appellant to establish that the lower court is proceeding or about to proceed without jurisdiction, and there is no adequate remedy by law, or to establish that the lower court, although acting with jurisdiction, is about to act incorrectly and there is no adequate remedy by appeal and great injustice or irreparable injury would result. *Tipton v. Commonwealth*, Ky.App., 770 S.W.2d 239 (1989).

█ The issue of whether Judge Graves deferred jurisdiction to Alaska is not, in and of itself, a jurisdictional question, but only a question of fact. On the one hand the Alaska judge said Judge Graves did defer to Alaska. Judge Graves said he considered the request but decided not to defer jurisdiction.

Whether Judge Graves lost jurisdiction over the case depends on whether the record on its face proves conclusively that he had lost it as a matter of law under the Uniform Child Custody Jurisdiction Act, KRS 403.420. Here the issues are in dispute, so mandamus would have been improper.

Appellant cannot rely on the stipulation signed in Alaska and later vacated as appellee did not agree or stipulate that Kentucky had been divested of jurisdiction.

Appellant has neither shown undisputed proof that Judge Graves was acting without jurisdiction, nor undisputed proof that within his jurisdiction he was acting incorrectly in circumstances where there exists no adequate remedy by appeal and irreparable injury would result.

Appellant had an adequate remedy by appeal, and, indeed, has now appealed. The Court of Appeals did not err in denying the Petition for Writ of Prohibition.

█ Likewise, there is no merit to appellant's contention that a Petition for Writ of Mandamus should be granted to require Judge Graves to give full faith and credit, pursuant to Article IV of the United States Constitution, to two Orders entered August 24, 1990 and August 27, 1990 by the judge in Alaska. Neither Order is a final Order to which the federal statute, 28 U.S.C., § 1738A, would apply.

The Court of Appeals did not err in denying the Petition for Writ of Mandamus.

For the reasons stated the denial of both Petitions is affirmed.

All concur.