K–MART CORPORATION; Joyce
Wolfenbarger and Susan
Brewer, Appellants,

v.

Hon. Farmer HELTON, Judge, Bell Circuit Court; and Sherry Norris and David Norris; Real Parties in Interest, Appellees.

No. 94–SC–795–MR.

Supreme Court of Kentucky.

Jan. 19, 1995.

Rehearing Denied April 20, 1995.

N. Brian Combo, Michael J. Schmitt, Wells, Porter, Schmitt & Jones, Paintsville, for appellants.

Jeffrey W. Helton, Helton & Helton, Pineville, for appellees, real parties in interest.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which denied the appellants' petition for a writ of mandamus or prohibition. Appellants had sought a writ of prohibition or mandamus ordering the Bell Circuit Court to strike the deposition of Mike Pittman, loss prevention manager at the Middlesboro K–Mart and refusing to disqualify attorney Jeff Helton for violation of SCR 3.130, Rule 4.2, for taking the statement of a managerial employee of K–Mart without notice.

The issues we will consider are whether a writ of mandamus is appropriate, whether the taking of the statement was improper and what, if anything, is an appropriate remedy.

This matter arises from claims of slander, assault and false imprisonment. Norris and others were apprehended by K–Mart security personnel and accused of shoplifting. Norris retained Helton as counsel and the criminal charges were dismissed. Four days after the dismissal, Helton took the recorded statement of a K–Mart employee. That employee was subsequently terminated from employment for unrelated reasons.

After a civil complaint was filed, Helton took a deposition of the former employee over objection. During a hearing on K–Mart's motion to strike and disqualify, Helton argued that the statement was taken as a means of marshalling a defense to the criminal charges. He suggested that because the County Attorney was actually bringing the charges, the County Attorney was representing K–Mart. The County Attorney acknowledges that it has an "open discovery" policy which allows counsel to interview any and all witnesses involved in a criminal prosecution.

K–Mart sought relief pursuant to CR 76.36 which was denied by the Court of Appeals. Irreparable harm not subject to correction by appeal is now claimed.

The appellants argue that *Shoney's, Inc. v. Lewis*, Ky., 875 S.W.2d 514 (1994), is directly on point. They claim that attorney Helton intended to further his prospects of civil litigation by securing the statement and unlike *Shoney's*, did not notify any higher authority at the K–Mart Corporation of that intention.

■ A writ of mandamus is an extraordinary remedy and will issue only when a court is acting outside of its jurisdictional limits or when an immediate and inevitable irreparable harm, great injustice or absence of a remedy by appeal exists. *Bock v. Graves*, Ky., 804 S.W.2d 6 (1991). The Court of Appeals found that the trial judge did not violate his discretion in overruling the motion to strike the deposition and to disqualify counsel. We find nothing within the record to require this Court to find otherwise.

■ Although K–Mart is a large national chain of retail stores it did nothing to indicate to the plaintiff's counsel that its employee was represented by counsel. The employee, under orders from his supervisor, contacted the plaintiff in an effort to 'smooth over' the situation. He was informed that she had retained counsel. He then voluntarily met with counsel and gave a statement concerning the events at the store. The communication was not a communication with a party who was represented in the matter.

This situation is markedly different from that in *Shoney's, supra*. In that case, the attorney knew that the management employees who were interviewed were represented by company provided attorneys. Helton was never contacted by counsel for K–Mart or any of its representatives until almost a year after the interview took place. He did not violate SCR 3.130, Rule 4.2.

The Court of Appeals correctly observed that the continued representation of an individual after the conclusion of a proceeding is not necessarily presumed and that the passage of time may be a reasonable ground to believe that a person is no longer represented by a particular lawyer. Rule 4.2 is not intended to prohibit all direct contact in such circumstances. Here counsel for plaintiffs had reasonable grounds to believe that the petitioners were not represented by counsel when he took the Pittman statement. In considering the fact that no contact was made by an attorney on behalf of K–Mart until more than one year after the incident which gave rise to this action and almost one year after plaintiffs' counsel took the statement, we believe that the communication with the K–Mart employee was not with a party the attorney knew was represented by another attorney in the matter. As noted by the Court of Appeals, this fact is sufficient to distinguish this case from *Shoney's, supra*.

We hold that the Writ of Mandamus was not an appropriate remedy, and we need not address the remaining issues in this case. The decision of the Court of Appeals upholding the trial judge's overruling of the motion to strike the deposition and to disqualify counsel is affirmed.

All concur.