# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 26 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0285-MR

SHAWN TIGUE                                                              APPELLANT

V.                    ON APPEAL FROM COURT OF APPEALS
                              NO. 2019-CA-1623
                    BELL CIRCUIT COURT NO. 03-CR-00082

HONORABLE ROBERT V. COSTANZO,                               APPELLEE
JUDGE, BELL CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY            REAL PARTY IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This case is an appeal of the simultaneous denial of a writ of prohibition

and a writ of mandamus by the Court of Appeals. Shawn Tigue (Tigue), the

Appellant, petitions this Court to grant both writs, holding double jeopardy

bars the Commonwealth of Kentucky (Commonwealth), the Real Party in

Interest, from retrying Tigue and to also force the trial court to enter a new

judgment dismissing the murder charge. The Court of Appeals denied the

writs, finding that Tigue's claim to a writ of prohibition failed on its merits,

while his claim to a writ of mandamus failed due to Tigue's failure to demand

the trial court enter a new order pursuant to this Court's previous decision.

For the following reasons, we affirm.

# I. PROCEDURAL HISTORY

The underlying facts of this case are not necessary for the issues presented in this appeal. However, a summary of the procedural history of Tigue's case is required.

At the very beginning of this case, Tigue entered a guilty plea. After the initial guilty plea, Tigue requested the guilty plea be withdrawn. Despite this request, Tigue's counsel did not file a motion to withdraw the guilty plea. Accordingly, this court ruled Tigue's counsel was ineffective by failing to file the motion. *Commonwealth v. Tigue*, 459 S.W.3d 372, 399 (Ky. 2015). The case was remanded back to the trial court.

On remand, Tigue decided he wanted a jury trial. A jury convicted Tigue of murder, first-degree burglary, second-degree possession of a controlled substance, third-degree possession of a controlled substance, and possession of a controlled substance not in its original container. Tigue was sentenced to life without the possibility of parole for the murder conviction. He also received 20 years for the remaining convictions.

The case came up to this Court on appeal. On November 1, 2018, we vacated the murder conviction for several evidentiary errors, remanding the murder charge to the trial court. *Tigue v. Commonwealth*, 600 S.W.3d 140 (Ky. 2018). The remaining convictions were affirmed.

Using this Court's decision, Tigue, acting pro se, proceeded to file an original action under CR[1] 76.36, petitioning the Court of Appeals for a writ of

---

[1] Kentucky Rules of Civil Procedure

2

prohibition to bar the retrial of his murder charge and a writ of mandamus to force the trial court to enter a new judgment dismissing the murder charge. On February 13, 2020, the Court of Appeals issued an order denying both writs, holding Tigue's petitions for a writ of prohibition and writ of mandamus failed on their merits.

Tigue appealed as a matter of right. We now review.

## II. ANALYSIS

The issuance of a writ is an extraordinary remedy. *Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 331 (Ky. 2016). As explained in *Southern Financial Life Insurance. Co. v. Combs*:

> [C]ourts are decidedly loath to grant writs as a specter of injustice always hovers over writ proceedings. This specter is ever present because writ cases necessitate an abbreviated record which magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants.

413 S.W.3d 921, 925 (Ky. 2013) (Internal citations and quotations omitted). Thus, this Court has a two-class analysis in writ cases.

> Writ cases are divided into two classes, which are distinguished by whether the lower court allegedly is (1) acting without jurisdiction (which includes beyond its jurisdiction), or (2) acting erroneously within its jurisdiction . . . When a writ is being sought under the second class of cases, a writ may be granted upon a showing . . . that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Id.* at 926. Both of Tigue's allegations fall within the second class of writ.

3

"[U]ltimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So, review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was arbitrary, unfair, or unsupported by sound legal principles." *Appalachian Racing, LLC v. Commonwealth,* 505 S.W.3d 1, 3 (Ky. 2016) (Internal citations and quotations omitted).

In his petition for a writ of prohibition, Tigue contends a retrial of his murder charge in the trial court would be a violation of KRS 505.020, 505.030, and double jeopardy. Tigue's argument is based upon the unfounded belief that our opinion, *Tigue v. Commonwealth,* 600 S.W.3d 140 (Ky. 2018), rendered in his direct appeal, was a dismissal because we determined the evidence of Tigue's guilt on murder was insufficient. Tigue further argues in affirming the burglary charge, this Court implied acquittal of the murder charge since admitting guilt to the burglary charge was Tigue's affirmative defense to his murder charge. Since "there is not an adequate remedy on appeal where a defendant contends that double jeopardy would bar a second trial following either acquittal or conviction," a writ of prohibition is possible to vindicate the type of claim made by Tigue. *Dunn v. Maze,* 485 S.W.3d 735, 742 (Ky. 2016). However, the Court of Appeals correctly noted Tigue's claim fails on its merits.

KRS 505.020, in relevant part, states:

> When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when:

4

. . .
      (b) Inconsistent findings of fact are required to establish the commission of the offenses[.]

KRS 505.030, in relevant parts, provides a prosecution is barred by a former prosecution if the former prosecution resulted (1) in acquittal, (2) in a determination that there was insufficient evidence to warrant a conviction, or (3) the former prosecution was terminated by an order or judgment which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution. Concerning double jeopardy, this Court has held:

> The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb [.]" U.S. Constitutional amend. V; see also Ky. Const. § 13 ("No person shall, for the same offense, be twice put in jeopardy[.]"). The Fifth Amendment applies to the states through the Fourteenth Amendment. Further, the Fifth Amendment and Section 13 of the Kentucky Constitution are "identical in the import of their prohibition against double jeopardy."

*Cardine v. Commonwealth*, 283 S.W.3d 641, 645 (Ky. 2009) (internal citation omitted).

Tigue remains adamant that double jeopardy applies, and he cannot be retried on his murder charge. This is simply not the case. In our opinion, we reversed Tigue's murder conviction but affirmed the burglary and all other convictions, holding the errors, relating to all but the murder charge, were harmless since Tigue presented no argument to the contrary. *Tigue*, 600 S.W.3d at 170. As part of his defense to the murder charge, Tigue admitted to committing other crimes, including burglary. *Id.* In our opinion, we opined "the

5

Commonwealth has not identified much evidence on [the murder] charge apart from his confession and Tigue's possession of the shotgun." *Id.* This statement, in part, explained why the evidentiary errors of the trial court were not harmless regarding the murder charge. However, we never made a holding that there was insufficient evidence for the murder charge. Rather, we held the admission and exclusion of certain testimony and the trial court's mischaracterization of the missing evidence were errors affecting Tigue's murder conviction.

In our opinion, we actually anticipated a retrial of the murder charge, stating "[o]n remand, the trial court should reevaluate Dr. Frunkin's testimony considering the analysis provided in this opinion and the consideration that Justice Cunningham has outlined in his concurring opinion in this case and *redetermine* its admissibility under KRE 702, 401, and 403." *Id.* at 164 (emphasis added). Double jeopardy does not apply to Tigue's case and, as a result, his petition for a writ of prohibition fails.

Tigue's petition for a writ of mandamus requests the trial court be compelled to enter the "new judgment" as ordered by this Court in our prior opinion, which, in relevant part, states:

> We must reverse so much of the final judgment as reflects Tigue's murder conviction and resulting sentence. The judgment of conviction and sentence for the other crimes stand. Accordingly, we remand this case to the trial court for entry of a new judgment and further proceedings with this opinion.

*Id.* at 171. It is clear we were directing the trial court to enter a new judgment pertaining to only the other convictions and omitting the murder conviction.

6

"Mandamus is a proper remedy to compel an inferior court to adjudicate on a subject within its jurisdiction where the court neglects or refuses to do so[.]" *Kaufman v. Humphrey*, 329 S.W.2d 575, 576 (Ky. 1959). "[I]t is the legal duty of the respondent to do that which it is sought to compel him to do, and that he has upon proper application refused to perform that duty." *Gordon v. Morrow*, 218 S.W. 258, 266 (Ky. 1920). Upon a review of the record, there is no showing that Tigue has ever moved the trial court to enter a new judgment on the other convictions. As such, granting Tigue a writ of mandamus would not be proper.

We reiterate that granting a writ is an extraordinary remedy and should only be granted when a writ of prohibition or a writ of mandamus meets the strict requirements listed above. In this case, Tigue's petitions for writ both failed on their merits. We hold the Court of Appeals correctly held Tigue was not entitled to either writ.

### III. CONCLUSION

For the forgoing reasons, we affirm the Court of Appeals and deny the writ of prohibition and the writ of mandamus.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Shawn Tigue


COUNSEL FOR APPELLEE:

Hon. Robert Vincent Costanzo


COUNSEL FOR REAL PARTY IN INTEREST:

Daniel J. Cameron
Attorney General of Kentucky

Leilani Karin Marie Martin
Assistant Attorney General
Office of the Attorney General