# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

**THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.**

RENDERED: AUGUST 24, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0105-OA

MICHAEL VAUGHAN                                               PETITIONER

V.                      IN SUPREME COURT

HONORABLE LARRY E. THOMPSON, CHIEF           RESPONDENT
JUDGE, KENTUCKY COURT OF APPEALS

AND

COMMONWEALTH OF KENTUCKY;          REAL PARTIES IN INTEREST
HONORABLE JERRY CROSBY II,
JUDGE, OLDHAM CIRCUIT COURT;
JOSHUA CANUPP; JOHN GEISLER;
MARK RICE; RAVONNE SIMS;
DURRELL ST. CLAIR

## OPINION AND ORDER

## <u>DENYING WRIT OF MANDAMUS</u>

Michael Vaughan petitions this Court for a writ of mandamus, arguing the Kentucky Court of Appeals has violated his First and Fourteenth Amendment rights under the federal Constitution, as well as his right to access the courts under Section 14 of the Kentucky Constitution. The basis for this writ is that Vaughan sought to file a 148-page brief in the Court of Appeals regarding the merits of his appeal currently pending in that court. The Court of Appeals denied his motion to exceed the page limit. Vaughn argues said order

denies him access to the courts, is a restriction on his freedom of speech, and violates due process.

Our jurisdiction to entertain an original writ action regarding the action or inaction of the Court of Appeals is conferred by Section 110(2)(a) of the Kentucky Constitution. The Rules of Appellate Procedure state that in the Court of Appeals, an Appellant's initial brief "shall not exceed 8,750 words or 20 pages if computer generated and shall not exceed 25 pages if handwritten or typewritten." RAP 31(G)(2)(A). Although no rule explicitly authorizes a party to file a motion to dispense with or exceed page limits in their briefing, such motions are not unknown and are granted or denied on a case-by-case basis. In other words, whether to allow a party to exceed page limits in their briefing is discretionary.

A writ of mandamus, however, is only available "to compel a public officer to perform a ministerial duty . . . ." *Hamblen ex. rel. Byars v. Kentucky Cabinet for Health and Family Services*, 322 S.W.3d 511, 517 (Ky. App. 2010). A ministerial duty is "one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). "While mandamus will lie to set a court in motion, it cannot be used to control the result." *Kaufman v. Humphrey*, 329 S.W.2d 575, 576 (Ky 1959) (quoting *Hargis v. Swope*, 114 S.W.2d 75, 77 (Ky. 1938)).

In this case, Vaughan filed a motion seeking to be allowed to file a 148-page brief, well-beyond the page limits allowed in RAP 31(G)(2)(A). The Court of Appeals considered that motion and denied it. The court's order denying the motion expressly allowed Vaughan thirty additional days to file a brief in conformity with the Rules of Appellate Procedure. The Court of Appeals has no ministerial duty to allow a party to exceed page limits in their briefing when requested. The decision is wholly discretionary. Therefore, a writ of mandamus cannot lie. Vaughan's petition is denied.

Bisig, Conley, Keller, Lambert, Nickell, and Thompson, JJ., sitting. All concur. VanMeter, C.J., not sitting.

ENTERED: August 24, 2023.

DEPUTY CHIEF JUSTICE