# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 19, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0447-OA

DONALD RAY VIOLETT                                                PETITIONER

V.                        IN SUPREME COURT

HONORABLE LARRY THOMPSON, CHIEF                 RESPONDENT
JUDGE, KENTUCKY COURT OF APPEALS

AND

COMMONWEALTH OF KENTUCKY           REAL PARTIES IN INTEREST
AND ANNA VALENTINE, WARDEN

## MEMORANDUM OPINION OF THE COURT

## DENYING WRIT OF MANDAMUS

Petitioner, Donald Ray Violett, seeks writs of mandamus and prohibition from this Court to the Court of Appeals, first, to order the Court of Appeals to consider the legal merits of his appeal regarding a writ of *habeas corpus*, which was denied by the Oldham Circuit Court; and second, to prohibit the Court of Appeals from invoking so-called "frivolous and vexatious" procedural rules to deny review of his claims in the future.[1] For the following reasons, the requested writs have no basis and the petition is denied.

---

[1] This claim, insofar as it is properly before the Court, is meritless on its face as entirely too speculative. *See Barnes v. Goodman*, 626 S.W.3d 631, 638-39 (Ky. 2021) (denying writ of prohibition because alleged injury was speculative); *Caldwell v. Chauvin*, 464 S.W.3d 139, 159 (Ky. 2015) (same). Thus, we will not waste time nor ink in treating it.

Donald Ray Violett is no stranger to this Court. Since his convictions in 1993 on more than one hundred counts of first-degree sexual abuse and five counts of first-degree rape, "Violett has filed more than eighty-four appeals and original actions in an attempt to relitigate his convictions." *Violett v. Grise*, 664 S.W.3d 481, 482 (Ky. 2022). Violett has become so prolific in his collateral attacks on his convictions that the Court of Appeals sought to disallow his filing of pleadings in that court without prior review by a three-judge panel. Perceiving a threat to Violett's constitutional right to access the courts, we disapproved that practice and instead ordered "the lower courts to permit the filing of the pleadings in the record, even without responsive pleadings, so that any further review as may be undertaken is based on as complete a record as possible." *Id.* at 486. Now we must yet again address another of Violett's collateral attacks.

Substantively, Violett filed a petition for a writ of *habeas corpus* in the Oldham Circuit Court, alleging his convictions are *void ab initio* for several reasons.[2] The Oldham Circuit Court denied the petition on January 10, 2023, though its order is not included in the record. Instead of appealing that denial, Violett filed a CR 60.02 motion for reconsideration. That too was denied by the

---

[2] The merits of the *habeas* petition are not before the Court. We nonetheless note that Violett "has filed several petitions for writs of *habeas corpus* in the courts of the Commonwealth as well as in federal courts." *Violett v. Commonwealth*, No. 2003-CA-000466-MR, 2004 WL 1103670, at *1 (Ky. App. May 14, 2004). It is a useful reminder to the lower courts that Kentucky has long held successive *habeas* petitions may be denied without a hearing so long as three conditions, unnecessary to detail now, are met. *Baker v. Davis*, 383 S.W.2d 125, 125-26 (Ky. 1964).

trial court on February 21, 2023. Violett appealed the denial of the CR 60.02 motion, which the Court of Appeals dismissed as frivolous on June 8, 2023. Violett then filed a motion for reconsideration and a motion to proceed *in forma pauperis* regarding the motion for reconsideration. The Court of Appeals denied the *in forma pauperis* motion on the basis of KRS 454.410(5).[3] The Court of Appeals stated that no further action would be taken in the matter until the filing fee had been paid. Violett filed a motion for reconsideration of the denial of *in forma pauperis* status on September 29, 2023, despite the fact that this Court had already received his petition for writ of mandamus on September 21, 2023.

> The basic elements necessary to issue a writ of mandamus are
>
> that the lower court is proceeding or about to proceed without jurisdiction, and there is no adequate remedy by law, or to establish that the lower court, although acting with jurisdiction, is about to act incorrectly and there is no adequate remedy by appeal and great injustice or irreparable injury would result.

*Bock v. Graves*, 804 S.W.2d 6, 9 (Ky. 1990). The confused procedural history of the present action alone suggests denial of the petition. Similarly, Violett has devoted the entirety of his brief before this Court to argue the merits of the *habeas* petition. Because his petition was received by this Court prior to the motion for reconsideration regarding *in forma pauperis* status, we consider that

---

[3] This statute reads, "In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more occasions within a five (5) year period, while incarcerated or detained in any facility, brought an action or appeal in any court that was dismissed on the grounds that it was frivolous, malicious, or harassing, unless the prisoner is under imminent danger of serious physical injury, without paying the entire filing fee in full."

3

issue preserved. But neither the merits of the dismissal as frivolous nor the merits of the *habeas* petition as such are before us, as the Court of Appeals expressly declined to rule on the merits of the motion for reconsideration pending payment of the filing fee.

Motions to proceed *in forma pauperis* in the appellate courts are governed by Rule of Appellate Procedure (RAP) 54. There is an unambiguous right to appeal denials of such motions. RAP 55(A). Therefore, the petition, insofar as it concerns the *in forma pauperis* issue, fails because there is an adequate remedy on appeal. *See also Gabbard v. Lair*, 528 S.W.2d 675, 677-78 (Ky. 1975) (establishing that writs of mandamus are no longer the proper procedure for appellate review of a denial to proceed *in forma pauperis*).

But even were the substantive issue of whether the appeal was incorrectly dismissed as frivolous before this Court, it too would not merit the issuance of a writ of mandamus. First, a conclusion that an appeal is frivolous is subject to appeal. *Leasor v. Redmon*, 734 S.W.2d 462 (Ky. 1987). Secondly, "[w]hile mandamus will lie to set a court in motion, it cannot be used to control the result." *Kaufman v. Humphrey*, 329 S.W.2d 575, 576 (Ky 1959) (quoting *Hargis v. Swope*, 114 S.W.2d 75, 77 (Ky. 1938)).

No one, least of all Violett, can accuse this Court of apathy toward his legal rights as demonstrated by our decision in *Grise*. But nothing compels us to bend over backwards on his behalf in applying the rules of civil procedure, appellate procedure, or substantive law. Violett's own motion practice has muddled the issues before the Court, thereby rendering a petition for writ of

mandamus premature at best; and at worst, the circumstances simply do not merit a writ. Consequently, the petition is denied, and the writ of mandamus will not lie.

VanMeter, C.J.;Bisig, Conley, Keller, Lambert and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.


COUNSEL FOR PETITIONER

Donald Ray Violett


COUNSEL FOR RESPONDENT

Hon. Larry Thompson,
Chief Judge, Kentucky Court of Appeals


COUNSEL FOR REAL PARTY IN INTEREST,
COMMONWEALTH OF KENTUCKY:

Russell M. Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General


COUNSEL FOR REAL PARTY IN INTEREST,
ANNA VALENTINE, WARDEN:

Allison Rene Brown