Opha Sexton WORTHINGTON et al.,
Appellants,

v.

COMMONWEALTH of Kentucky, By, Through And On Relation . of Cawood SMITH, County Attorney, Harlan County, Kentucky, Appellee.

Court of Appeals of Kentucky.

May 24, 1957.

Rehearing Denied Sept. 27, 1957.

H. M. Brock, & Sons, Hiram Brock, Jr., Harlan, for appellant.

Cawood Smith, County Atty., Harlan, Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The Commonwealth of Kentucky, on re-

lation of the Harlan County Attorney, instituted this action pursuant to KRS, Chapter 242, to abate a nuisance on certain property owned and used by Opha and Charles Worthington. Additional relief sought by the complaint was a temporary injunction to restrain the Worthingtons from conducting or permitting the continuance of the nuisance until the conclusion of the trial; an order prohibiting the use of the premises for six months; and, a forfeiture of the property involved to the Commonwealth.

Upon the filing of the suit, the circuit court immediately issued a temporary injunction, and several weeks thereafter conducted a hearing on the issues raised by the answer filed in behalf of the Worthingtons. Following the hearing, the court entered judgment abating the nuisance; ordered the premises padlocked for a period of six months, and continued the case on the docket for further proceedings concerning a forfeiture and sale of the property.

Several months later, a second hearing was conducted. The judgment entered at this hearing ordered a forfeiture of the property as provided by KRS 242.330.

The Worthingtons have appealed from the judgment, asking a reversal on the grounds that: (1) The court erred in overruling their motion for a continuance of the first hearing of the case; and, (2) the judgment entered at the conclusion of the second hearing was void. Neither contention has merit.

The record precludes a consideration of the argument advanced in support of ground No. (1), because the judgment states that "both sides announced ready for trial." Hence, the objections raised about the docketing of the case were waived when the Worthingtons announced ready for trial.

The contention that the judgment is void is predicated upon the idea that the circuit court lost jurisdiction of the case upon the entry of the original judgment. The fallacy of this argument is that it assumes the fact the original judgment was a complete and final judgment of all issues involved in the action. The record not only contradicts this assumption of fact, but the original judgment specifically retained the case on the docket so that the court could thereafter enter a final judgment. Moreover where jurisdiction of the court once attaches, it extends over the whole case, so as to authorize the court to determine all questions necessary to a full adjudication of the controversy. 31 Am. Jur., Judgments, Section 443.

Judgment affirmed.