**BLACK MOTOR COMPANY, a corporation, Petitioner,**

v.

**Edward G. HILL, Judge, Harlan Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Nov. 22, 1963.

Francis D. Burke, Francis M. Burke, Pikeville, for petitioner.

James S. Greene, Jr., Harlan, for respondent.

PALMORE, Judge.

The petitioner, Black Motor Company (hereinafter called Black), brings this original action to compel the judge of the Harlan Circuit Court to enter an order directing the release of certain funds to it.

Following receipt of our affirming mandate in Albert v. Black Motor Company, Ky., 357 S.W.2d 714 (1962), the respondent entered an order on motion of Greene and Sutton, attorneys for Black (the successful litigant through a derivative action by certain of its stockholders) allowing them a fee equal to 40% of all sums actually recovered. Meanwhile Albert, the unsuccessful party, apparently had sought to conceal his tangible assets and otherwise avoid the consequences of the lawsuit, and a second suit had been brought against him and members of his family to set aside various transfers of property. The second suit resulted in a settlement under which Albert paid $50,000 and turned some stocks over to Black and further agreed to pay $75,000 into court 90 days thereafter. In connection with this settlement the attorneys say they agreed with Black to reduce their fee to the equivalent of 33⅓%.

The $75,000 was paid on schedule. All court costs having been satisfied theretofore, the clerk drew a check in the full amount payable jointly to Black and the attorneys and delivered it to Greene and Sutton. In the meantime Black, being dissatis-

fied with the fee arrangement, employed other counsel and made a motion to set aside the original order allowing the 40% fee. The respondent was of the opinion that the order was final, but decided to treat the motion to set aside as if made under CR 60.02 and entered an order calling for the taking of evidence to determine the existence or non-existence of grounds essential to a re-opening under that rule.

Alleging that $37,896.88 of the $75,000 represented by the check in the hands of Greene and Sutton is not in dispute (a portion of the fee already had been paid out of the first $50,000 received from Albert), Black moved the respondent to direct a return of the check to the clerk and an immediate disbursement of $37,896.88 to Black. The motion was overruled and Black filed its petition in this court for original relief in the nature of mandamus. CR 81; RCA 1.420.

The gist of Black's claim of entitlement to extraordinary relief is that it will be deprived of the use of its money (or interest) while it is litigating the matter of the fee and thus has no adequate remedy at law.

We find the response and brief filed in behalf of Judge Hill somewhat disquieting in their reliance on technical grounds instead of some reasonable justification for declining to let Black have that portion of its money over and above the amount claimed by Greene and Sutton.

In Kaufman v. Humphrey, Ky., 329 S.W. 2d 575 (1959), the money sought to be released was not beyond the ambit of the controversy. In this case there is no denial that it is. In Curtis v. Bradley, Ky., 333 S.W.2d 944 (1960), the response gave bona fide reasons why it was not advisable or convenient for the court to allow a partial distribution. Here the response offers no explanation at all. The fact that the order allowing the fee was entered in one suit and the money was paid into court pursuant to a judgment in another is of no substantial significance, as the same attorneys and same client were involved and the second suit was brought

for the purpose of following up and enforcing the judgment in the first. Nor is it a complete answer to plead the discretionary power of the trial court; no discretion is beyond abuse. Nevertheless, we are not persuaded that the injury, though it may be irreparable, is so great as to justify the extraordinary relief demanded. An intangible yet influential consideration in this respect is the fundamental policy of an appellate court to leave hands off the trial court except in the rarest of exigencies.

On the principles set forth in Ison v. Bradley, Ky., 333 S.W.2d 784 (1960), we are of the opinion that the relief should not be granted. Moreover, in view of the current status in the trial court of proceedings to re-open the order fixing the counsel fee we cannot say the respondent clearly exceeded the bounds of reason in maintaining the status quo of the $75,000 during the relatively brief period that should be required to hear and resolve the CR 60.02 motion and the fee question. When that is done, appropriate motions regarding the $75,000 can be made or renewed, and there is no reason for us to anticipate at this time that the circuit court will not make a fair and reasonable disposition of the matter pending appeal by whichever of the parties may be aggrieved.

Mandamus is denied.

STEWART, Judge (dissenting).

I dissent from the majority opinion because the evidence introduced shows beyond dispute that petitioner is entitled to be paid immediately $37,896.88, the amount involved in the proceeding. The majority opinion concedes the circuit judge has advanced no "reasonable justification for declining to let" petitioner have this sum of money it is asking us to direct the trial court to distribute.

The majority opinion states that, although the refusal to pay over the $37,896.88 may result in an irreparable loss, the injury thereby occasioned will not be so great "as

to justify the extraordinary relief demanded."

How can this Court say the injury inflicted by the denial of the right by petitioner to have the $37,896.88 in hand at once will not be great? How much damage must a litigant suffer before this Court will act to give him relief? The loss of interest on the sum each day, computed at 6% per annum, would aggregate $6.22. This amount would provide an average family with its daily minimum requirements. We pass up any discussion about the need of a going business concern to have the whole sum available for any financial necessity or investment advantage that might arise.

Furthermore, it is uncertain when this case will be disposed of by the trial court. Truly this is an instance where, for no reason that the record before us indicates, petitioner may be refused, for an indefinite period of time, the right to be vested with property to which he is entitled.

I would grant a writ of mandamus.