**BLACK MOTOR COMPANY, Appellant,**

v.

**James S. GREENE, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 30, 1964.

Rehearing Denied Feb. 12, 1965.

Francis M. Burke, Francis Dale Burke, Pikeville, for appellant.

James S. Greene, Jr., Greene & Forester, Harlan, Herschel M. Sutton, Sutton & Martin, Corbin, for appellees.

WILLIAMS, Judge.

This is an appeal from a judgment denying appellant's motion, treated as a proceeding under CR 60.02, to set aside an order allowing appellees an attorneys' fee. This controversy is collateral to those involved in the cases of Albert v. Black Motor Company, Ky., 357 S.W.2d 714, and Black Motor Company v. Hill, Ky., 372 S.W.2d 801.

The original suit was commenced in 1955. It was a derivative action initiated by three stockholders on behalf of the appellant Black Motor Company against five of its directors for secret profits allegedly realized from wrongful corporate manipulations. The final judgment in the case was for $192,000 against the corporation's former President, Albert, which was affirmed in Albert v. Black Motor Company, Ky., 357 S.W.2d 714.

The mandate of this Court was filed in the office of the Clerk of the Harlan Circuit Court on June 23, 1962. On July 14, 1962, the Harlan Circuit Court heard counsel on motion to allow an attorneys' fee for services rendered in the preparation and trial of the case. On the same day the court entered an order allowing an attorneys' fee in a sum equal to 40 per cent of the amount collected by the appellant corporation.

Almost a year later, on June 30, 1963, the appellant corporation moved to set aside the order fixing and allowing an attorneys' fee. Response was made to that motion and briefs were filed by both parties. The circuit court treated the motion as a proceeding under CR 60.02, and permitted the appellant to take proof in support thereof. Upon completion of the tak-

ing of proof by the appellant the appellees moved the court to dismiss appellant's motion because of failure to show any right to relief. The circuit court heard argument of counsel on November 9, 1963, and dismissed appellant's motion to set aside the order allowing an attorneys' fee. This appeal results.

Although some of the minority stockholders testified they thought an agreement to prosecute the suit for a fixed fee was final, there was proof that an additional fee was discussed at meetings when they were present. There were also introduced in evidence letters from the attorneys to the stockholders advising that they would seek a court allowance of a fee from the appellant.

■ Notice of appellees' motion for allowance of an attorneys' fee was served upon the attorneys of record in the case. On the day the motion was heard, and soon after the order was entered, a copy was delivered to the president of appellant corporation. Thereafter appellant was permitted to take proof, and several hearings were had in the circuit court, as well as in this Court. The court had jurisdiction of the parties and of the subject matter. Worthington v. Commonwealth, Ky., 304 S.W.2d 926. Ample opportunity to be heard was made available to and utilized by appellant.

The circuit court made the following finding of fact:

"5. The Court finds that during the course of the negotiations between Black Motor Company and Albert in an effort to reach a settlement in Civil Action No. 4087, wherein Black Motor Company was seeking to collect the judgment entered in this action, an agreement was entered into between the respondents and Black Motor Company whereby in order to effect a compromise settlement, respondents would reduce their attorney fee from a sum equal to 40% of the amount recovered to a sum equal to 33⅓% of the amount recovered, * * *. The Court further finds that this agreement between the respondents and Black Motor Company was partially executed on the 18th day of April, 1963, when division was made of the initial compromise payment of $50,000.00 plus the value of the shares of stock in Black Motor Company and Southeastern Sales Company transferred from Albert to Black Motor Company, which division was based upon 33⅓% to the respondents and 66⅔% to Black Motor Company."

■ This Court cannot set aside a finding of fact unless it is clearly erroneous. Estill County Stone Co. v. Hockensmith, Ky., 305 S.W.2d 107, CR 52.01. If supported by substantial evidence, the court's finding of fact is not clearly erroneous. Massachusetts Bonding & Insurance Company v. Huffman, Ky., 340 S.W.2d 447. There is substantial evidence that the parties agreed to a fee in a sum equal to 33⅓% of the amount recovered. The finding of the circuit court to that effect consequently will not be set aside.

The circuit court properly dismissed the motion to set aside the order allowing an attorneys' fee. But, in accordance with its finding of an agreement to reduce the percentage from 40% to 33⅓%, an order should have been entered reflecting that fact.

The judgment is affirmed in part and reversed in part, with directions that an order be entered fixing an attorneys' fee in the amount of 33⅓% of the amount collected.