William James SMITH, II, Appellant,

v.

COMMONWEALTH of Kentucky, Appellant.

No. 2009–CA–001481–MR.

Court of Appeals of Kentucky.

Sept. 24, 2010.

Discretionary Review Denied by Supreme Court June 8, 2011.

William James Smith, Central City, KY, pro se.

Jack Conway, Attorney General of Kentucky, David B. Abner, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER and THOMPSON, Judges; HARRIS,[1] Senior Judge.

## OPINION

KELLER, Judge:

William James Smith (Smith) appeals, *pro se*, from an order of the Hardin Circuit Court directing that $932 in cash seized from him be forfeited. For reasons set forth below, we affirm.

## FACTS

Smith was convicted in 2007, after a jury trial, of first-degree possession of cocaine (subsequent offense), possession of drug paraphernalia (subsequent offense), third-degree possession of hydrocodone, and being a first-degree persistent felony offender. However, the jury did not convict Smith of the additional charge of first-degree trafficking in a controlled substance. Smith appealed to this Court, and we affirmed his judgment of conviction in an unpublished opinion, *Smith v. Commonwealth*, Case No. 2007–CA–001005–MR, 2008 WL 4683025. Having reviewed the record, we adopt the following facts from Case 2007–CA–001005–MR:

On May 24, 2006, Lindsay Brown ("Brown") phoned the Elizabethtown Police Department ("EPD") claiming that her boyfriend, Smith, had threatened her at her apartment with a gun. Police were met at Brown's apartment by Smith's friend, Reginald Haire, who opened the door. Officer Matt Hodge immediately detained Smith who was standing in the living room of the small one-bedroom apartment. With his permission, police searched Smith and found $932.00 and two cell phones on his person.

A few minutes later, Sgt. Jamie Land of the EPD arrived and told the other officers present that he had permission for a search of the apartment from Brown, the apartment's lease-holder. Following the search of the apartment, the officers recovered: a pipe with white residue and rolling papers from a small couch in the living room; rolling papers under the same couch; a police scanner with an index card containing the public service agency frequencies in the county; two plastic baggies on top of the mirror in the bathroom that contained cocaine; two sets of scales, three boxes of plastic baggies, and a white tray with white powder on it in a kitchen cabinet; and a white powdery residue beneath the cabinet that field-tested positive for cocaine.

In addition, the officers found a surveillance system that monitored the back door of the apartment and a bag belonging to Smith containing cologne, boxer shorts, deodorant, CDs, a butane torch, a blue pill, a red memo book with names and numbers on the front page, four nonfunctioning cell phones, and fifty small zip-lock baggies. Another search of Smith at the police station produced a small switch-blade knife and a white pill identified as hydrocodone.

At trial, Smith denied that any of the drugs and drug-related items seized in Brown's apartment that night belonged to him.

Brown testified that all of the items except for the plastic baggies found in the kitchen cabinet belonged to Smith.

On June 8, 2009, Smith filed a *pro se* "Motion for Disposition of Seized Property to be Returned Pursuant to KRS ... [sic]." In his motion, Smith moved the trial court to return the $932 seized from

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

him. On July 7, 2009, the trial court held a hearing on Smith's motion, and Smith participated telephonically.[2] On July 21, 2009, the trial court entered its Findings of Fact, Conclusions of Law and Order directing that $932 in cash seized from Smith be forfeited. It is from this order that Smith appeals.

## STANDARD OF REVIEW

■ The issue on appeal before this Court is regarding the trial court's findings of fact and conclusions of law and regarding the record made before it. The findings of fact made by a trial court are reviewed under the clearly erroneous standard. Kentucky Rules of Civil Procedure (CR) 52.01. However, rulings of law are reviewed *de novo*. *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky.2006).

## ANALYSIS

■ On appeal, Smith argues that the trial court erred in ordering the forfeiture of his $932 in cash. Specifically, Smith asserts that the trial court erred in its determination that the Commonwealth established a *prima facie* case for forfeiture pursuant to KRS 218A.410.

KRS 218A.410(j) applies to the forfeiture of currency. Specifically, it permits forfeiture of "[e]verything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of this chapter, all proceeds ... traceable to the exchange, and all moneys ... used, or intended to be used, to facilitate any violation of this chapter...." Subsection (j) further provides:

It shall be a rebuttable presumption that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing

paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. The burden of proof shall be upon claimants of personal property to rebut this presumption by clear and convincing evidence. The burden of proof shall be upon the law enforcement agency to prove by clear and convincing evidence that real property is forfeitable under this paragraph.

■ It is well-established that the Commonwealth bears the burden of proof in forfeiture actions. *Osborne v. Commonwealth*, 839 S.W.2d 281 (Ky.1992). To meet its burden of proof and make a *prima facie* case, the Commonwealth must produce "slight evidence of traceability." *Id.* at 284. This means that the Commonwealth must "produce some evidence that the currency or some portion of it had been used or was intended to be used in a drug transaction." *Id.* If the Commonwealth provides additional proof that the currency sought to be forfeited was found in close proximity, then it is deemed sufficient to make a *prima facie* case. If the Commonwealth establishes its *prima facie* case, the burden is then on the defendant to rebut this presumption by clear and convincing evidence. *Id.*

Smith contends that because he was not convicted of trafficking, the Commonwealth failed to meet its burden that the money was being used to further drug activity. We disagree.

In *Osborne*, the Supreme Court of Kentucky clarified that "nothing in the forfeiture statute requires criminal conviction of the person whose property is sought to be forfeited. It is sufficient under KRS

218A.410(h) and (j) to show a nexus between the property sought to be forfeited and its use to facilitate violation of the Controlled Substances Act, KRS 218A." *Id.* at 283.

In this case, the Commonwealth produced some evidence of traceability plus proof of close proximity with illegal drug activity. The police officers recovered the $932 in cash from Smith's pockets. As the trial testimony makes clear, a search of the premises at the time of the arrest of Smith resulted in the finding of the following items: two digital scales, a scanner and documentation of police radio frequencies, multiple cell phones, including two on Smith's person at the time of his arrest, a camera mounted for surveillance use, and the drugs which led to Smith's conviction.

The $932 in cash was noted to be in various small denominations. At the forfeiture hearing, Officer Hodge testified that the denominations indicated use of the money in trafficking. Additionally, there were more than fifty zip lock plastic bags found in a Bud Light cooler bag belonging to Smith. Officer Hodge also testified that such bags are often used for trafficking activities. In light of this evidence, we conclude that the Commonwealth produced at least "*slight* evidence of traceability." *Osborne,* 839 S.W.2d at 284 (emphasis added). Accordingly, the trial court's finding that the Commonwealth established a *prima facie* case for forfeiture was not clearly erroneous.

As the Commonwealth met its burden of production and established a *prima facie* case, the burden was shifted to Smith to rebut the presumption by clear and convincing evidence. *Id.* We believe the trial court did not err in concluding that Smith failed to meet his burden.

At the forfeiture hearing, Smith argued that Melissa Stevens (Stevens) "gave" him the money that was seized and that the money was not related to drug activity. In support of his argument, Smith pointed to Stevens' testimony at his probation revocation hearing held on August 8, 2006 in an unrelated case, Case No. 00–CR–00215.[3] At that hearing, Stevens testified that she had been with Smith on the day he was arrested at Brown's apartment. Additionally, Stevens testified that although she had known Smith for less than three months, she loaned him $1,500 to help him pay his child support obligation. Stevens did not testify at Smith's subsequent trial in this case and she did not make a request for the return of the money she "loaned" to Smith.

The trial court noted that it reviewed Smith's probation revocation hearing and that it was not persuaded that Stevens gave Smith the $932. Because such credibility determinations are within the exclusive province of the fact-finder, *Cole v. Gilvin,* 59 S.W.3d 468, 473 (Ky.App.2001), we believe the trial court did not err in concluding that Smith failed to rebut the presumption by clear and convincing evidence.

For the foregoing reasons, we affirm the order of the Hardin Circuit Court.

ALL CONCUR.

---

**3.** The Commonwealth noted that a copy of the probation revocation hearing was not included in the record on appeal. Having reviewed the record, we note that this hearing was included in the record on appeal.