RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0353-MR

SHARON COOPER                                                                    APPELLANT

v.                    APPEAL FROM DAVIESS CIRCUIT COURT
                      HONORABLE JOHN M. MCCARTY, JUDGE
                      ACTION NO. 18-CI-00994

MICHAEL ALAN IVEY, ALICIA
IVEY PAYNE, JASON AARON
HARRINGTON, AND LINDA
DARLENE IVEY                                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND MCNEILL, JUDGES.

DIXON, JUDGE: Sharon Cooper appeals the order of the Daviess Circuit Court

granting the petition of Michael Alan Ivey and Linda Darlene Ivey for grandparent

visitation with R.H. ("Child") entered on January 14, 2020. After careful review of

the briefs, record, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

The Iveys are Child's maternal grandparents who, on October 2, 2018, filed a petition seeking grandparent visitation rights. At the time of the petition, Cooper, Child's paternal grandmother, had temporary custody as a result of on-going dependency, neglect, and abuse (DNA) proceedings. On November 28, 2018, the court held a hearing on the Iveys' motion for visitation pendente lite and ultimately granted visitation every other weekend.

On April 16, 2019, the DNA court entered orders finding that Cooper qualified as a de facto custodian[1] and granting her permanent custody of Child. Cooper then moved the Daviess Circuit Court to modify the Iveys' visitation, arguing that her status as a de facto custodian required heightened deference to her wishes on the matter. The Iveys objected, and Child's parents, Jason Aaron Harrington and Alicia Ivey Payne, both of whom are incarcerated, filed responses in support of the Iveys having visitation. A hearing on the petition and motion was held on January 6, 2020.

Thereafter, the court entered the order currently on appeal granting the Iveys' petition and continuing the pendente lite visitation schedule of every other

---

[1] "'[D]e facto custodian' means a person who has been shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a [set period of time] or has been placed by the Department for Community Based Services." Kentucky Revised Statutes (KRS) 403.270(1)(a). This statute has since been amended by 2021 Ky. Laws ch. 132 (SB 32) (eff. Apr. 12, 2021). The current version of the statute is not applicable herein.

weekend. Cooper timely moved, pursuant to CR[2] 59.05, to alter, amend, or vacate the order arguing that the court utilized the incorrect evidentiary standard and failed to fully review the applicable factors. The motion was denied, and this appeal timely followed. We will introduce additional facts as they become relevant.

## STANDARD OF REVIEW

We review a court's findings of fact under the clearly erroneous standard and will only reverse if the findings are not supported by substantial evidence. CR 52.01; *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky. 1964). We review the court's legal conclusions de novo. *Nash v. Campbell County Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011).

## ANALYSIS

"The Circuit Court may grant reasonable visitation rights to [] the . . . grandparents of a child . . . if it determines that it is in the best interest of the child to do so." KRS 405.021(1)(a). In *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d. 49 (2000), the United States Supreme Court held due process requires that courts give appropriate weight in non-parent visitation proceedings to protect the parents' fundamental rights to manage their child's care, custody, and

---

[2] Kentucky Rules of Civil Procedure.

-3-

control.  Consequently, the Kentucky Supreme Court held in *Walker v. Blair*, 382

S.W.3d 862, 869 (Ky. 2012), that a heightened standard of evidence—clear and

convincing versus the customary preponderance of the evidence standard—shall be

utilized in grandparent visitation actions against custodial parents.  The *Walker*

court also adopted eight factors[3] which it identified as being potentially relevant to

the resolution of grandparent visitation actions.  *Id*. at 871.

Recently, in *Morton v. Tipton*, 569 S.W.3d 388 (Ky. 2019), the

Kentucky Supreme Court addressed whether the heightened evidentiary standard

---

[3]  The factors, which are not exhaustive, are:

1) the nature and stability of the relationship between the child and the grandparent seeking visitation;

2) the amount of time the grandparent and child spent together;

3) the potential detriments and benefits to the child from granting visitation;

4) the effect granting visitation would have on the child's relationship with the parents;

5) the physical and emotional health of all the adults involved, parents and grandparents alike;

6) the stability of the child's living and schooling arrangements; […]

7) the wishes and preferences of the child[; and]

8) the motivation of the adults participating in the grandparent visitation proceedings.

*Walker*, 382 S.W.3d at 871.

articulated in *Walker* applied when the child was in the permanent custody of grandparents. The Court answered in the negative and expressly held that "trial courts must use the preponderance of the evidence standard when considering grandparent visitation if someone other than a parent, including another grandparent, is the grandchild's custodian." *Id*. at 399.

Cooper's first argument, which was preserved, is that the court erred as a matter of law by applying the preponderance of the evidence standard. Cooper acknowledges the apparent relevance of *Morton* but asserts that this action is distinguishable. In furtherance of this claim, Cooper contends that *Morton* involved a custody and visitation order pursuant to KRS Chapter 620,[4] whereas her custody right derives from KRS Chapter 403[5] because she was determined to be a de facto custodian. Additionally, drawing a parallel from KRS 403.270(1)(b), which states that de facto custodians have the same standing as parents in custody matters. Cooper argues that her status requires that she be treated as a parent for the purposes of the visitation action—a deviation from *Morton*.

The history of *Morton* is similar to the case at hand. The Mortons received permanent custody of their grandchild as a result of separate DNA

---

[4] Titled: Dependency, Neglect, and Abuse.

[5] Titled: Dissolution of Marriage; Child Custody.

proceedings, and a petition for visitation was subsequently filed by Tipton, who was also the child's grandparent. While Cooper notes that the DNA court in *Morton* entered a grandparent visitation order simultaneously with the permanent custody order, we find this to be a distinction without a difference where the appeal arose from the grandparent visitation petition, not the DNA orders, and was resolved under KRS 405.021. *Morton*, 569 S.W.3d. at 391, 394. Further, any attempt by Cooper to claim that the custody order in *Morton* did not satisfy KRS Chapter 403 is pure conjecture. This is especially true given that KRS 620.027 dictates that permanent placement and custody orders made during DNA proceedings "shall utilize the provisions of KRS Chapter 403." Consequently, we reject Cooper's attempt to distinguish *Morton*.

Cooper further argues that her status as a de facto custodian imbues in her the same rights and standing as a parent in all matters and the court erred in not applying the heightened evidentiary standard. Cooper has provided no authority in support of her proposition, beyond citing KRS 403.270(1)(b) and cases thereon. We disagree with Cooper's contention.

It is a long-held rule of statutory construction that courts are constrained by the language of a statute where, as in KRS 403.270, it is clear and unambiguous on its face. *Whittaker v. McClure*, 891 S.W.2d 80, 83 (Ky. 1995). The dictate of KRS 403.270(1)(b) to afford de facto custodians the same standing

as parents is expressly limited to custody proceedings under certain enumerated statutory provisions. As such, the statute has no application to the visitation action at issue. Moreover, *Morton* expressly rejected the contention that a de facto custodian can be bestowed a parent's superior rights. 569 S.W.3d at 397. Accordingly, we find that the court did not err in applying the preponderance of the evidence standard.

Cooper next argues that the court erred as a matter of law and rendered a clearly erroneous finding when it determined that the fourth *Walker* factor, the effect granting visitation would have on the child's relationship with the parents, was inapplicable. In *Morton*, the Court reaffirmed the utility of the *Walker* factors in non-parent custodian cases and advised courts to replace the references to "parents" therein with "non-parent custodian." *Id*. at 399. Therefore, we agree with Cooper that the court erred in stating the factor was not relevant instead of modifying it to suit the facts at hand.

However, while it is best practice to list and consider all the enumerated *Walker* factors, what is pivotal is that the court's order reflects actual consideration of the factors, not the format of the order. Indeed, in *Morton* the Kentucky Supreme Court deemed the trial court's findings sufficient despite their failure to even cite the *Walker* factors where the order nevertheless demonstrated consideration consistent therewith. *Id*. at 399. Herein, Cooper did not identify in

her brief what evidence the court failed to consider.  Further, the evidence Cooper identified in her CR 59.05 motion as relevant to the omitted *Walker* factor, *i.e.*, alleged behavioral problems and the general desire to raise Child as she sees fit, was identified and weighed by the court in its order.  As the order on appeal demonstrates a thorough consideration of the relevant factors and evidence, we find no reversible error, and Cooper's claim fails.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Daviess Circuit Court is hereby AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

William D. Tingley
Louisville, Kentucky

BRIEF FOR APPELLEES MICHAEL
ALAN IVEY AND LINDA
DARLENE IVEY:

Angela L. Thompson
Owensboro, Kentucky