RENDERED:  AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1005-ME

ELVIS UGO NJERE                                                    APPELLANT


APPEAL FROM DAVIESS CIRCUIT COURT, FAMILY DIVISION
v.            HONORABLE DAVID C. PAYNE, SPECIAL JUDGE
ACTION NO. 22-D-00199-01


JELIQUE C. JERRY                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Appellant, Elvis Ugo Njere, appeals the Daviess Family Court's

July 14, 2022 Order granting Appellee, Jelique Jerry, a Domestic Violence Order

(DVO) against him pursuant to KRS[1] 403.750.  Having reviewed the record and

finding no error, we affirm.

---

[1] Kentucky Revised Statutes.

The parties are not married but share one child and lived together. Prior to the DVO, the parties were engaged to be married. On June 30, 2022, Appellee filed her petition for a DVO against Appellant. In her petition, she alleged several threats, displays of passionate anger, and acts of violence Appellant committed against her. The family court held a hearing on her petition and heard several hours of testimony from both parties. Appellee realleged the acts of violence in her testimony and Appellant denied her allegations. At the conclusion of the hearing, the family court granted Appellee a DVO. In its written order, which consisted only of AOC Form 275.3, the family court checked the box indicating that by a preponderance of the evidence, Appellant engaged in violence against Appellee and would likely do so in the future. The family court did not further elaborate. This appeal follows.

On appeal, Appellant's sole argument is that the family court's use of AOC Form 275.3, alone did not constitute the required findings of fact to support an order granting a DVO.

Pursuant to CR[2] 52.01, it is true that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment . . . ." CR 52.01. The Kentucky Rules of Civil Procedure

---

[2] Kentucky Rules of Civil Procedure.

apply to hearings on DVO petitions. *See Ghali v. Ghali*, 596 S.W.2d 31 (Ky. App. 1980).

When, as here, an appellant challenges the sufficiency of the evidence, our review is limited as appellate courts are only able to reverse a family court's order where the findings of fact therein are clearly erroneous. *Mays v. Porter*, 398 S.W.3d 454, 458 (Ky. App. 2013) (citing CR 52.01). "Findings of fact are clearly erroneous only if they are not supported by substantial evidence." *Id.* (citing *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky. 1964)). "The test for substantiality of evidence is whether the evidence, when taken alone, or in the light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable persons." *Id.* (citing *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972); *Janakakis-Kostun v. Janakakis*, 6 S.W.3d 843, 852 (Ky. App. 1999)).

In *Smith v. McCoy*, the Kentucky Supreme Court indicated that only "essential" facts are required for purposes of creating a sufficient finding of facts to support issuing a DVO. 635 S.W.3d 811, 817 (Ky. 2021). The Court said: "we note that in issuing a protective order, the only 'essential facts,' the trial court is required to find are (1) whether an act of domestic violence and abuse, dating violence and abuse, stalking, or sexual assault has occurred, and (2) whether it may occur again." *Id.* (citation omitted). In *Smith*, the family court indicated on AOC

Form 275.3 that violence had occurred and would likely occur again. *Id.* The Kentucky Supreme Court concluded this constituted sufficient findings of fact to support issuing a DVO. *Id.* at 818.

Here, the family court indicated that violence had occurred and would likely occur again on AOC Form 275.3. All this information was correctly and accurately completed within the AOC Form 275.3. Under our current precedent, an AOC Form 275.3 completely and accurately completed is sufficient. *Williford v. Williford*, 583 S.W.3d 424, 430 (Ky. App. 2019) (quoting *Pettingill v. Pettingill*, 480 S.W.3d 920, 922, 925 (Ky. 2015)).

When it comes to discerning which testimony to believe, it is well within the discretion of the family court to appropriately assign value to the testimony heard. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) ("[J]udging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the [circuit] court."). And, the court must only find by a preponderance of the evidence that violence has occurred and will likely occur again. KRS 403.740(1). In weighing Appellant's and Appellee's testimony, the court believed by a preponderance of evidence Appellant engaged in violence and would likely do so again.

Nothing in the record indicates the family court's findings of fact are clearly erroneous. We will not substitute our own judgment for the family court's and without more, there is nothing indicating the family court abused its discretion.

Finding no error, we affirm.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Evan Taylor
Owensboro, Kentucky