RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0766-MR

WILLIAM JAMES SMITH, II        APPELLANT

|  | APPEAL FROM HARDIN CIRCUIT COURT |
|---|---|
| v. | HONORABLE KELLY MARK EASTON, JUDGE |
|  | ACTION NO. 20-CR-00817 |

COMMONWEALTH OF KENTUCKY        APPELLEE

## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: William James Smith, II, appeals Findings of Fact, Conclusions of Law, and Order of the Hardin Circuit Court, entered March 14, 2022, forfeiting his 1997 Chevrolet Blazer and 2007 Chevrolet Impala to the Commonwealth. On appeal, he argues the Commonwealth failed to present

sufficient evidence to support the circuit court's dispositive finding that he utilized these vehicles to facilitate drug trafficking. Upon review, we affirm.

BACKGROUND

Pursuant to Kentucky Revised Statutes (KRS) 218A.410(1)(h), "vehicles . . . which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of [controlled substances in violation of this chapter]" are subject to forfeiture. To succeed on a motion under this provision, "the Commonwealth bears the initial burden of producing some evidence, however slight, to link the [property] it seeks to forfeit to the alleged violations of KRS 218A. The burden only shifts to the opponent of the forfeiture if the Commonwealth meets its initial tracing burden." *Brewer v. Commonwealth*, 206 S.W.3d 343, 348 (Ky. 2006). If that initial burden is met, the defendant then bears the burden to rebut that presumption by clear and convincing evidence. *Smith v. Commonwealth*, 339 S.W.3d 485, 487 (Ky. App. 2010) (citing *Osborne v. Commonwealth*, 839 S.W.2d 281, 284 (Ky. 1992)).

Applying this framework in its forfeiture order, the circuit court summarized the relevant evidence in this matter and stated its findings and conclusions as follows:

> Detective Travis Mills with other officers
> conducted surveillance of the residence of the Defendant
> ("Smith") for a period of four months. During this time,
> the officers observed multiple people, known to have

drug histories, coming and going from Smith's residence. Smith was observed talking to people in vehicles for short periods of time, although the police never directly observed Smith selling drugs.

Although tried for trafficking in this case, Smith was found guilty of possession charges. The trial evidence included the testimony of Gary Green, who was staying at the Smith residence around the time of the arrest for the drug activity. Green testified he saw lots of partying and transactions. He saw people come to Smith, buy drugs from him, and leave. He got a gram of meth from Smith the night before the arrest.

The trial evidence also included the contents of a safe. The safe contained multiple doses of LSD and other indications of drug trafficking. The key to that safe was on the same keyring as the key for the Impala. Smith was observed coming and going to his residence during the surveillance period driving both of these vehicles. Smith does not deny he used the vehicles to come and go from this residence, but he says he only used the vehicles to drive back and forth to work.

Recorded jail calls with Smith as a participant speak of selling dope and what the police did not find, specifically a gun and some drugs. Again, Smith was not seen conducting any transaction in the vehicles, but it is noted that the Blazer had a surveillance camera on a headrest. This fits in with other cameras on the property. Although these cameras may serve a general security purpose, they may also serve to watch for police to avoid being caught for drug trafficking.

Smith is no stranger to forfeiture. In similar circumstances, this Court ordered forfeiture of money from Smith who was previously charged with trafficking but convicted of possession. *Smith v. Commonwealth*, 339 S.W.3d 485 (Ky. 2010). The law regarding forfeiture then is still the same.

Findings of Fact, Conclusions of Law, and Order at 1-3.

In light of the foregoing, the circuit court determined the Commonwealth satisfied its initial, slight burden to show a connection between Smith's vehicles and drug violations. It then proceeded to Smith's rebuttal:

> The focus of Smith's argument is there is no evidence he bought the vehicles with drug proceeds. Even that conclusion is suspect given Smith's chronic issues of legitimate employment income. (He was unable to keep his child support current, owing approximately $50,000).

> The source of purchase money is not the only question. It is sufficient for the Commonwealth to show Smith used the vehicles to facilitate his activities. *See Martin v. Commonwealth*, 586 S.W.3d 252 (Ky. App. 2019). Smith used these vehicles to come and go from the place where the Commonwealth presented sufficient evidence of drug possession with trafficking intent, if not observed acts. These vehicles facilitated Smith's drug activities.

> For the reasons stated, both the 1997 Chevrolet Blazer and the 2007 Chevrolet Impala are forfeited to the Commonwealth.

Findings of Fact, Conclusions of Law, and Order at 3-4. This appeal follows.

## STANDARD OF REVIEW

Upon appellate review of an order granting forfeiture, "[f]indings of fact made by a trial court are reviewed under the clearly erroneous standard[.]" *Commonwealth v. Coffey*, 247 S.W.3d 908, 910 (Ky. 2008); Kentucky Rules of

Civil Procedure (CR) 52.01. "Findings of fact are clearly erroneous only if they are not supported by substantial evidence." *Mays v. Porter*, 398 S.W.3d 454, 458 (Ky. App. 2013) (citing *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky. 1964)). Evidence is substantial when "the evidence, when taken alone, or in the light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable persons." *Id.* (citing *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)). Though we defer to a trial court's factual findings, rulings of law are reviewed *de novo*. *Coffey*, 247 S.W.3d at 910 (citing *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky. 2006)).

ANALYSIS

As indicated at the onset, Smith's sole argument is that the Commonwealth failed to satisfy its initial burden to link the use of his vehicles to any violation of KRS Chapter 218A, and that the circuit court's forfeiture decision therefore lacked sufficient evidentiary support. We disagree. Smith undisputedly utilized both vehicles to come and go from the location where, as supported by substantial evidence of record, he possessed and sold controlled substances in violation of KRS Chapter 218A. Other evidence also linked Smith's use of the vehicles with his drug activities. For example, he kept the key to his Impala on the same ring as the key to the safe in his apartment where he stored a significant quantity of drugs. His Blazer, which he parked in the driveway of his apartment,

also had a motion-activated surveillance camera attached to the headrest of the front passenger seat which complimented other such cameras Smith had on his property; and this Court has affirmed a prior determination – with respect to this same defendant – that "a camera mounted for surveillance use" can, under roughly the same circumstances presented here, qualify as evidence of illegal drug activity. *Smith*, 339 S.W.3d at 488.

"[A] trial court can draw inferences from the totality of the circumstances within its knowledge to determine whether the requirement of slight traceability has been met." *Commonwealth v. Doebler*, 626 S.W.3d 611, 620 (Ky. 2021). Given the circuit court's thorough analysis of the evidence and law, we find no error in the circuit court's determination that the evidence presented satisfied the Commonwealth's "slight" initial evidentiary burden for purposes of KRS 218A.410(1)(h). *See Brewer*, 206 S.W.3d at 348; CR 52.01.

## CONCLUSION

For the foregoing reasons, we affirm the Hardin Circuit Court's Findings of Fact, Conclusions of Law, and Order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Solicitor General
Frankfort, Kentucky